UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DUKES,

               Petitioner,                            Civil No. 07-10549
                                                         Honorable David M. Lawson

v.

JAN TROMBLEY,

               Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, James Dukes, presently confined at the Michigan Reformatory in Ionia, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed through counsel, the petitioner challenges his convictions for second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b, and carrying a concealed weapon, Mich. Comp. Laws § 750.227, that were returned by a jury in the Genesee County, Michigan circuit court in 2004. The petitioner argues that his convictions were unconstitutional because the trial court allowed the prosecutor to introduce evidence of the nature of his prior felony convictions and because his trial counsel was constitutionally ineffective. The Court finds that the petitioner's claims lack merit, and therefore will deny the petition.

I.

Telan Boyd was shot and killed on June 2, 2003 in the City of Flint. The Michigan Court of Appeals summarized the evidence leading to the petitioner's convictions for the shooting as follows:

> Crystal Daniels testified that defendant came to her house on June 2, 2003 and asked whether she and her children wanted to ride in his car, a Blazer. She and her children were in the Blazer when it ended up on Baltimore Street. Daniels testified that while they were driving around, defendant saw Telan Boyd getting into a white car. Defendant then had the driver follow the white car Boyd was in around the block. Both cars stopped and Boyd came over to the Blazer and started talking to her.
>
> Daniels testified that while she was talking to Boyd, defendant jumped out of the Blazer and asked Boyd if he had "it." Boyd stated that he did not and "I let you hold my dope and I'm gonna let you see how it feel [sic]." Defendant was close to Boyd at this point and Boyd pushed defendant back. Defendant then jumped back into the Blazer, grabbed a gun, jumped back out of the Blazer, and pointed the gun at Boyd. Boyd began to walk away from the situation, but then he turned around and asked defendant if he was going to shoot him. When Boyd turned around the gun was in his face. Boyd grabbed defendant's hand that was holding the gun. Daniels testified that she then put her children's heads and her head down but she heard six shots fired.
>
> When Daniels looked up, she saw Boyd hitting defendant in the head and then Boyd grabbed his stomach and fell to the ground. Defendant got back into the Blazer and said that he had been shot in his left arm. Daniels testified that the Blazer drove away from the scene rapidly and defendant told her that he shot Boyd four times in the chest. Daniels testified that they switched cars and defendant's uncle or cousin and her took defendant to the hospital.
>
> Dr. Douglas Congdon testified that he performed the autopsy on Boyd. Dr. Congdon testified that Boyd had three gunshot wounds; an entrance wound in his right abdominal area, an entrance wound in his right thigh, and an exit wound on the back of his right thigh. Boyd bled to death from the gunshot wound to his abdomen. There were no findings that Boyd was shot at close range, where the gun was pressed into the skin, but the gun may have been as close as an inch or two away.

*People v. Dukes*, No. 255820, 2005 WL 2237774 (Mich. Ct. App. Sept. 15, 2005).

At a jury trial in the Genesee County, Michigan circuit court that concluded on April 30, 2004, the petitioner was convicted of the above-listed offenses. On May 21, 2004, he was sentenced to 100 to 150 years' imprisonment for the murder conviction, 6 to 12-1/2 years' imprisonment for the felon-in-possession conviction, and 6 to 12-1/2 years' imprisonment for the carrying a concealed

weapon convictions, to be served concurrently with one another and consecutively to two years' imprisonment for the felony-firearm conviction.

The petitioner filed a direct appeal in the Michigan Court of Appeals, raising the following claims:

> I. The trial court violated [the petitioner's] due process rights by refusing to accept a defense stipulation that appellant had an unspecified felony conviction and was not eligible to possess a firearm on the date of the incident; and the prosecutor further violated [the petitioner's] due process rights by disclosing appellant's habitual fourth offender status, for the charge of felon in possession of a firearm.
>
> II. [The petitioner's] trial counsel was constitutionally ineffective in failing to raise the defense of accident to the murder charge and request an appropriate jury instruction.

The Michigan Court of Appeals affirmed the petitioner's convictions. *People v. Dukes*, No. 255820 (Mich. Ct. App. Sept. 15, 2005).

The petitioner file an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Dukes*, 474 Mich. 1026, 708 N.W.2d 414 (Mich. Jan. 30, 2006). The petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised on direct review.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts normally are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially

indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11; *see also Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

The petitioner first argues that the trial court abused its discretion and violated his rights under the Due Process Clause when it refused to accept a defense stipulation that the petitioner had an unspecified prior felony conviction rendering him ineligible to possess a firearm and when it allowed the prosecutor to disclose petitioner's fourth habitual offender status.

"Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994). Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness" may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.2003). The United States Supreme Court has declined to hold that the admission of similar "other acts" evidence is so extremely unfair that such evidence violates fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).

The petitioner's reliance upon the Supreme Court's decision in *Old Chief v. United States*, 519 U.S. 172, 191-92 (1997), is misplaced. In *Old Chief,* the Supreme Court held that a district court abused its discretion under Federal Rule of Evidence 403 by admitting evidence of a prior felony for assault at defendant's trial for assault and being a felon in possession of a firearm where defendant was willing to stipulate to the prior felony. The case interpreted federal law; it was not based on constitutional principles. The Michigan courts have followed *Old Chief* in their interpretation of the analogous Michigan rule of evidence. *See People v. Nimeth*, 236 Mich. App. 616, 627, 601 N.W.2d 393, 399 (1999); *People v. Swint*, 225 Mich. App. 353, 377-78, 572 N.W.2d 666, 677 (1997). The petitioner has shown that the trial court erred as a matter of state evidence law in its rejection of his offer to stipulate.

Yet this is not enough for habeas relief, because the petitioner also must show a constitutional violation. Neither in *Old Chief* nor in any other opinion has the Supreme Court analyzed prior acts evidence in terms of the Due Process Clause or any other constitutional protection. *See Bugh*, 329 F.3d at 513. Consequently, "there is no Supreme Court precedent that the trial court's decision could be deemed 'contrary to.'" *Ibid.* Nor is the trial court's action so

egregious that it constitutes a denial of due process. The petitioner is not entitled to relief on his first claim.

B.

In his second claim for habeas corpus relief, the petitioner argues that defense counsel was constitutionally ineffective by failing to raise the defense of accident or to request an appropriate jury instruction.

The two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance means simply reasonableness under prevailing professional norms.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688 ).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id*. at 694.  Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The Michigan Court of Appeals held that trial counsel's decision not to request an accident jury instruction was the result of sound trial strategy.  The state court held that, based upon the evidence presented at trial, self-defense was a more plausible defense than accident.  Therefore, the court of appeals concluded, trial counsel was not ineffective by relying upon the defense most supported by the evidence as a whole.  *Dukes*, slip op. at 3-4.

The state court's analysis is eminently reasonable.  Trial counsel elected to pursue a defense of self-defense.  Although counsel may introduce alternative or inconsistent defenses, the decision not to do so is not ineffective assistance of counsel.  *Bell v. Bell*, 460 F.3d 739, 763 (6th Cir. 2006), *vacated on other grounds*, 512 F.3d 223 (6th Cir. 2008) (en banc); *Poindexter v. Mitchell*, 454 F.3d 564, 575 (6th Cir. 2006).  The petitioner testified he was acting in self-defense when he shot the victim.  Tr., Apr. 29, 2004, at 976.  His attorney acted reasonably by emphasizing this defense – corroborated by the petitioner's own testimony – rather than argue that it was an accident.

Moreover, the petitioner has not shown prejudice.  There was nothing in the instructions that precluded the jury from considering whether it was an accident.  In fact, the jury was instructed that to find the petitioner guilty of murder, it had to find that he intended to kill the victim or knowingly created a very high risk of death or great bodily harm.  *Id.* at 1144.  The jury also was given an instruction on involuntary manslaughter, which only required a finding that the defendant acted in

a grossly negligent manner. The petitioner has not shown any prejudice from his counsel's decision to argue self-defense instead of accident.

III.

The decision of the Michigan appellate courts was not contrary to or an unreasonable application of federal law as determined by the Supreme Court. Therefore, the Court finds that the petitioner has not shown that he is in custody in violation of the Constitution or the laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: December 22, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 22, 2008.

s/Felicia M. Moses  
FELICIA M. MOSES